# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & CO., INC., J.P. MORGAN SECURITIES, LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants MoneyGram International, Inc., ("MoneyGram"), Thomas H. Lee Partners, L.P., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wells Fargo Securities, LLC, Goldman, Sachs & Co., Inc., J.P., Morgan Securities, LLC, Macquarie Capital (USA) Inc. and William Blair & Company L.L.C., together with Pamela H. Patsley, W. Alexander Holmes, J. Coley Clark, Victor W. Dahir, Antonio O. Garza, Peggy Vaughan, and W. Bruce Turner (collectively, the "Individual Defendants," and together with all other defendants, the "Defendants"), specially appearing

solely for the purpose of submitting this notice of removal and preserving and not waiving any defenses they may have based on lack of personal jurisdiction or service of process, or any other defenses, respectfully submit this Notice of Removal of this putative class action, filed by Iron Workers District Council of New England Pension Fund ("New England Iron Workers" or "Plaintiff"), from the Superior Court of the State of Delaware, in and for New Castle County, Case No. N15C-04-144-WCC-CCLD (the "State Court Action"), to the United States District Court for the District of Delaware. As grounds for their removal of this action, Defendants respectfully show the court as follows:

1. On April 15, 2015, Plaintiff filed the State Court Action, styled *Iron Workers District Council of New England Pension Fund v. MoneyGram International, Inc., et al.*, No. N15-C-04-144-WCC-CCLD, asserting various securities claims against MoneyGram, the Individual Defendants, and seven other investment firms and banks.

2. On April 29, 2015, Plaintiff served MoneyGram's agent for service of process with the summons from the State Court Action. On April 30, 2015, counsel for the Individual Defendants accepted service on their behalf. Defendants timely removed this action by filing this notice of removal within thirty days after Plaintiff served MoneyGram. 28 U.S.C. § 1446(b).

3. In accord with 28 U.S.C. § 1446(b), attached hereto as Exhibits A, B, and C, respectively, are an index of all documents filed in the state court, the state court docket sheet, and a copy of each document filed in state court.

4. This action has no pending motions.

5. Thomas H. Lee Partners, L.P.; Merrill, Lynch, Pierce, Fenner & Smith, Incorporated; Wells Fargo Securities, LLC; Goldman, Sachs & Co., Inc.; J.P. Morgan Securities, LLC; Macquarie Capital (USA) Inc.; and William Blair & Company, L.L.C. consent to removal.

6. Defendants will promptly file a copy of this notice of removal with the Prothonotary of the Superior Court of New Castle County Delaware where the suit has been pending.

7. Venue is proper in the District of Delaware under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

**Removal Is Proper Under 28 U.S.C. § 1441**

8. This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this putative class action arises under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "'33 Act"), 15 U.S.C. §§ 77k, 77l(a)(2), and 77o. (Compl. at 4, ¶ 5.) Section 22(a) of the '33 Act provides that the "district courts of the United States" shall have jurisdiction "of all suits in equity and actions at law brought to enforce any liability or duty created" by the '33 Act. 15 U.S.C. 77v(a).

9. Conversely, the state courts do not have subject matter jurisdiction over '33 Act claims. In 1998, as part of Congress' efforts to ensure that the federal courts would be the exclusive forum for litigation of securities class action claims, Congress amended the '33 Act through the Securities Litigation Uniform Standards Act ("SLUSA"). SLUSA expressly divested state courts of all jurisdiction over "covered class actions" filed under the '33 Act.

10. Section 22(a) of the '33 Act (15 U.S.C. §77v(a)) states that "[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . and concurrent with State and Territorial courts, except as provided in [Section 16] with respect to covered class actions." Section 16 defines a "covered class action" as one "in which damages are sought on behalf of 50 or more people." 15 U.S.C. § 78bb(f)(5)(B)(i). In the Complaint, Plaintiff seeks damages on behalf of itself and "all purchasers of MoneyGram

3

common stock pursuant and/or traceable to the Offering Documents issued in connection with the Offering" and specifically pleads that it believes there are "hundreds of members" in the proposed class action. (Compl. at 20-21, ¶¶ 63, 64.) Thus, this case involves a covered class action and, pursuant to Section 22(a), federal courts have exclusive jurisdiction. *See Knox v. Agria Corp.*, 613 F. Supp. 2d 419 (S.D.N.Y. 2009) (holding that the federal court had exclusive jurisdiction over a class action asserting '33 Act claims); *accord In re Fannie Mae 2008 Sec. Lit.*, 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009).

11. Because the federal courts (and not the state courts) have original subject matter jurisdiction over this federal question case, it is properly removable to this Court under 28 U.S.C. § 1441(a). *See, e.g., In re Fannie Mae*, 2009 WL 4067266, at *2 ("federal courts have exclusive jurisdiction over covered . . . class actions alleging claims under the 1933 Act"); *Knox*, 613 F. Supp. 2d at 425 ("the exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction" such that "federal courts alone have jurisdiction to hear them"); *Pinto v. Vonage Holdings Corp.*, Civ A. No. 07-0062 (FLW), 2007 WL 1381746, at *2 (D.N.J. May 7, 2007) (holding that Section 22(a) of the '33 Act "divest[s] state courts of concurrent jurisdiction over covered class actions"); *Lapin v. Facebook, Inc.*, No. C–12–3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("federal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims").

12. Section 22(a)'s removal bar does not apply to the removal of "covered class actions" like this case. Section 22(a) explains that, "[e]xcept as provided in section [16(c)] of the ['33 Act], no case arising under [the '33 Act] and brought *in any State court of competent jurisdiction* shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added). In conjunction with Congress' amendment in 1998 of Section 22(a)'s jurisdictional

4

provision to divest state courts of concurrent jurisdiction over "covered class actions," Congress also amended this removal bar provision, which bars the removal of '33 Act suits only if filed in a "State court of competent jurisdiction." Because state courts no longer have subject matter jurisdiction over "covered class actions," they are not "courts of competent jurisdiction" in regard to "covered class actions." The removal bar found in Section 22(a) thus does not apply to this case.[1] *See, e.g., Knox*, 613 F. Supp. 2d at 425 ("Because there are no 'state courts of competent jurisdiction' to hear covered class actions asserting 1933 Act claims and because Knox's putative class action is such a covered class action, the anti-removal provision does not bar removal of Knox's action."); *Fannie Mae*, 2009 WL 4067266 at *2 (same); *Lapin*, 2012 WL 3467409 at *3 ("the effect of the above-referenced amendments is that the non-removal provision in § 77v(a) . . . no longer applies to a 'covered class action' alleging claims under the 1933 Act, and, consequently, a class action brought under the 1933 Act is removable pursuant to 28 U.S.C. § 1441(a)").

**Removal Is Proper Under 15 U.S.C. § 77(p)**

13. While the case is exempt from the removal bar, it is also independently removable under Section 16(c) of the '33 Act. 15 U.S.C. § 77(p)(c). Section 16(c) states, "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." *Id.* § 77p(c). Subsection (b), in turn, identifies securities class actions based on (1) untrue statements or omissions or (2) deceptive sales. *See* 15 U.S.C. § 77p(b). Thus, Section 16(c) authorizes the removal of class actions that allege misstatements or omissions in connection with a covered security. 15 U.S.C. § 77p(c). This case meets that

---

[1] Federal district courts are split on the removability of '33 Act class actions, and none of the courts of appeals has ruled on this issue. Although some courts, primarily in California, have held that Section 11, 12 and 15 cases such as this one are not removable, the better reasoned cases have held that they are.

standard. The '33 Act defines "covered security" to include a security listed on the National Market System of the NASDAQ Stock Market. 15 U.S.C. §§ 77r(b). MoneyGram's stock is listed on the National Market System of the NASDAQ Stock Market.

14. Because this action qualifies as a covered class action, makes allegations of untrue statements or omissions, involves a covered security, and was brought in state court, under this line of cases it is also removable under Section 16(c). *See, e.g., Rubin v. Pixelplus Co. Ltd.*, 2007 WL 778485, at *3-4 (E.D.N.Y. Mar. 13, 2007); *see generally Knox*, 613 F. Supp. 2d at 423 & n.1 (citing cases).[2]

15. Defendants have satisfied all elements necessary for the removal of this action pursuant to 15 U.S.C. §§ 77v(a) and 77p(c) and 28 U.S.C. § 1441. Accordingly, Defendants remove this action to the United States District Court for the District of Delaware, and respectfully request that the Superior Court of the State of Delaware in and for New Castle County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446(d).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Of Counsel:

VINSON & ELKINS L.L.P.
John C. Wander
Andrew E. Jackson
Kimberly R. McCoy
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Telephone:  214.220.7700
Facsimile:  214.220.7716
jwander@velaw.com
ajackson@velaw.com
kmccoy@velaw.com

/s/ *John P. DiTomo*
Kenneth J. Nachbar (#2067)
John P. DiTomo (#4850)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
knachbar@mnat.com
jditomo@mnat.com
  *Attorneys for MoneyGram International, Inc. and Pamela H. Patsley, W. Alexander Holmes, J. Coley Clark, Victor W. Dahir, Antonio O. Garza, Peggy Vaughan and W. Bruce Turner*

---

[2] Accord *Pinto*, 2007 WL 1381746, at *2; *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007); *Brady v. Kosmos Energy Ltd.*, No. 3:12-CV-0373-B, slip op. at 2 (N.D. Tex. July 10, 2012); *Lowinger v. Johnson*, 2005 WL 2592229 (W.D. N.C. 2005); *In re King Pharms., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004).

| | |
|---|---|
| Of Counsel: | Ross Aronstam & Moritz LLP |
| Kellogg, Huber, Hansen, Todd, Evans & Figel P.L.L.C.<br>Kevin B. Huff<br>Joshua D. Branson<br>1615 M St. NW, Suite 400<br>Washington, DC 20036<br>(202) 326-7900<br>khuff@khhte.com<br>jbranson@khhte.com | /s/ David E. Ross<br>David E. Ross (#5228)<br>Bradley R. Aronstam #5129)<br>100 S. West Street, Suite 400<br>Wilmington, DE 19801<br>(302) 576-1600<br>dross@ramllp.com<br>baronstam@ramllp.com<br>*Attorneys for Thomas H. Lee Partners, L.P. and Thomas H. Hagerty, Seth W. Lawry and Ganesh Rao* |
| | Abrams & Bayliss LLP |
| Of Counsel:<br>Goodwin Procter LLP<br>Brian E. Pastuszenski<br>Daniel Roeser<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 813-8800<br>bpastuszenski@goodwinprocter.com<br>droeser@goodwinprocter.com | /s/ Kevin G. Abrams<br>Kevin G. Abrams (#2357)<br>John M. Seaman (#3868)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>abrams@abramsbayliss.com<br>seaman@abramsbayliss.com<br>*Attorneys for Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wells Fargo Securities, LLC, Goldman, Sachs & Co., Inc., J.P. Morgan Securities, LLC, Macquarie Capital (USA) Inc. and William Blair & Company L.L.C.* |

May 19, 2015

7

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was served of record via Facsimile and Certified Mail – Return Receipt Requested, on this 19th day of May, 2015.

| | |
|---|---|
| Christine S. Azar | Christopher J. Keller |
| Ryan T. Keating | Michael W. Stocker |
| LABATON SUCHAROW LLP | LABATON SUCHAROW LLP |
| 300 Delaware Avenue, Suite 1340 | 140 Broadway |
| Wilmington, Delaware 19801 | New York, New York 10005 |

/s/ *John P. DiTomo*
John P. DiTomo (#4850)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jditomo@mnat.com