# EXHIBIT C

EFiled: Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & CO., INC., J.P. MORGAN SECURITIES, LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | C.A. No. _____ [CCLD]<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR VIOLATION OF THE SECURITIES ACT OF 1933<br><br><u>JURY TRIAL DEMANDED</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Iron Workers District Council of New England Pension Fund, ("New England Iron Workers" or "Plaintiff") alleges the following based upon the investigation of Plaintiff's counsel, which included a review of U.S. Securities and Exchange Commission ("SEC") filings by MoneyGram International, Inc. ("MoneyGram" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a securities class action on behalf of all purchasers of the common stock of MoneyGram pursuant and/or traceable to the Offering Documents (as defined herein) issued in connection with the underwritten secondary public offering for an aggregate of 9.2 million shares of MoneyGram's common stock by affiliates and co-investors of MoneyGram's controlling shareholder, private equity firm Thomas H. Lee Partners, L.P. ("THL"), and affiliates of Goldman, Sachs & Co., Inc. ("Goldman Sachs") (collectively the

"Selling Stockholders"), completed on or about April 2, 2014 (the "Offering"),

seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

2.      Pursuant to the Securities Act, Defendants are strictly liable for the

material misstatements in the Offering Documents issued in connection with the

Offering, and the claims herein specifically exclude any allegations of knowledge

or scienter.  The claims in this action are based solely on strict liability and

negligence, and are not based on any reckless or intentionally fraudulent conduct

by or on behalf of Defendants—*i.e.*, they do not allege, arise from, or sound in,

fraud.  Plaintiff specifically disclaims any allegation of fraud, scienter, or

recklessness in these non-fraud claims.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the causes of action

asserted herein pursuant to Delaware Constitution, Article IV § 7, because this case

is a cause not given by statute to other trial courts.

4.      This Court has personal jurisdiction over each of the Defendants

named herein because they conducted business in and/or were citizens of the State

of Delaware at the time of the Offering.  MoneyGram is incorporated in this state

and was incorporated in this state at all relevant times herein, and each of the

Individual Defendants (as defined herein) is subject to personal jurisdiction under

10 *Del. C.* § 3114 and/or 10 *Del. C.* § 3104(c).  Each of the Underwriter

3

Defendants is incorporated in this state. The materially false and misleading

Offering Documents complained of herein were disseminated into this state.

5.     The claims alleged herein arise under Sections 11, 12(a)(2), and 15 of

the Securities Act. *See* 15 U.S.C. §§ 77k, 77l(a)(2), and 77o. Jurisdiction is

conferred by and venue is proper pursuant to Section 22 of the Securities Act.

6.     Venue is proper in this Court because MoneyGram is incorporated in

this county and many wrongful acts and transactions alleged herein occurred in

substantial part in this county.

### PARTIES

7.     Plaintiff New England Iron Workers is based in Dorchester,

Massachusetts and is a defined benefit plan providing pension benefits to active

and retired members. Plaintiff purchased MoneyGram securities pursuant or

traceable to the Offering, and was damaged as a result of Defendants' wrongdoing

as alleged in this complaint.

8.     Defendant MoneyGram is a Delaware corporation with its principal

place of business in Dallas, Texas. MoneyGram is a money transfer and payment

services company. Its offerings include money transfers, bill payment services,

money order services, and official check processing.

9.     Defendant THL is a private equity firm and the controlling

shareholder of MoneyGram. Prior to the Offering, as of December 31, 2013, THL

4

held approximately 62.8 percent of MoneyGram common shares outstanding.  On a fully diluted basis, THL held approximately 50.9 percent of the Company.  At the time of the Offering, THL had appointed three members to the MoneyGram Board of Directors (the "Board").

10.     Defendant Pamela Patsley ("Patsley") is, and was at the time of the Offering, the Chief Executive Officer ("CEO") of MoneyGram and Chairman of the Board of the Company.  CEO Patsley signed the Company's Annual Report on Form 10-K for the year ended December 31, 2013 ("2013 10-K"), the Form 8-K filed on February 11, 2014, and the Form 8-K filed on February 24, 2014, incorporated by reference into the Prospectus Supplement (as defined below).

11.     Defendant W.  Alexander Holmes ("Holmes") is, and was at the time of the Offering, Executive Vice President, Chief Financial Officer ("CFO"), and Chief Operating Officer ("COO") of MoneyGram.  CFO/COO Holmes signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

12.     Defendant J. Coley Clark ("Clark") is, and was at the time of the Offering, a director of MoneyGram.  Director Clark, by Power of Attorney granted to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

13.     Defendant Victor W. Dahir ("Dahir") is, and was at the time of the Offering, a director of MoneyGram.  Director Dahir, by Power of Attorney granted

5

to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

14.     Defendant Antonio O. Garza ("Garza") is, and was at the time of the Offering, a director of MoneyGram.  Director Garza, by Power of Attorney granted to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

15.     Defendant Thomas M. Hagerty ("Hagerty") is, and was at the time of the Offering, a director of MoneyGram.  Hagerty is one of the MoneyGram Board Representatives designated by THL.  Director Hagerty, by Power of Attorney granted to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

16.     Defendant Seth W. Lawry ("Lawry") is, and was at the time of the Offering, a director of MoneyGram.  Lawry is a Managing Director of Thomas H. Lee Partners, L.P., a private equity firm, and the controlling shareholder of MoneyGram, and is one of the MoneyGram Board Representatives designated by THL.  Director Lawry, by Power of Attorney granted to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

17.     Defendant Peggy Vaughan ("Vaughan") is, and was at the time of the Offering, a director of MoneyGram.  Director Vaughan, by Power of Attorney

6

granted to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

18.    Defendant Ganesh Rao ("Rao") is, and was at the time of the Offering, a director of MoneyGram.  Rao is a Managing Director of Thomas H. Lee Partners, L.P., controlling shareholder of MoneyGram, and is one of the MoneyGram Board Representatives designated by THL.  Director Rao, by Power of Attorney granted to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

19.    Defendant W. Bruce Turner ("Turner") is, and was at the time of the Offering, a director of MoneyGram.  Director Turner, by Power of Attorney granted to General Counsel Francis Henry, signed the 2013 10-K incorporated by reference into the Prospectus Supplement.

20.    The defendants named in paragraphs 10 through 19 are referred to herein as the "Individual Defendants."  Each of the Individual Defendants signed the Offering Documents (as defined herein) and/or otherwise participated in the drafting and dissemination of the Offering Documents.

21.    Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") is a financial services company that acted as joint book-running manager and representative for the underwriters of the Offering.  Merrill Lynch participated in the drafting and dissemination of the Offering Documents.

22.    Wells Fargo Securities, LLC ("Wells Fargo") is a financial services company that acted as joint book-running manager and representative for the underwriters of the Offering.  Wells Fargo participated in the drafting and dissemination of the Offering Documents.

23.    Goldman Sachs is a financial services company that acted as joint book-running manager for the Offering.  Goldman Sachs participated in the drafting and dissemination of the Offering Documents.  The Offering represented a conflict of interest for Goldman Sachs as affiliates of Goldman Sachs were selling stockholders in the Offering and received proceeds of the Offering.

24.    Defendant J. P. Morgan Securities LLC ("J.P. Morgan") is a financial services company that acted as joint book-running manager for the Offering.  J.P. Morgan participated in the drafting and dissemination of the Offering Documents.

25.    Defendant Macquarie Capital (USA) Inc. ("Macquarie") is a financial services company that acted as co-manager of the Offering.  Macquarie participated in the drafting and dissemination of the Offering Documents.

26.    Defendant William Blair & Company, L.L.C. ("William Blair") is a financial services company that acted as co-manager of the Offering.  William Blair participated in the drafting and dissemination of the Offering Documents.

27.    The defendants named in paragraphs 22 through 26 are referred to herein as the "Underwriter Defendants."  Pursuant to the Securities Act, the

Underwriter Defendants are liable for the false and misleading statements in the

Offering Documents as follows:

(a)     The Underwriter Defendants are investment banking houses

that specialize in, *inter alia*, underwriting public offerings of securities.  They

served as the underwriters of the Offering and received approximately $4.6 million

in the Offering through an underwriting discount of $0.50 per share.  The

Underwriter Defendants determined that in return for their share of the Offering

proceeds, they were willing to merchandize MoneyGram stock in the Offering.

The Underwriter Defendants marketed the Offering and presented favorable

information about the Company, its operations, and its financial prospects;

(b)     The Underwriter Defendants requested and obtained an

agreement from MoneyGram that the Company would indemnify and hold

harmless the Underwriter Defendants from certain liabilities, including liabilities

under the federal securities laws, or to contribute to payments the Underwriter

Defendants may be required to make in respect to those liabilities;

(c)     Representatives of the Underwriter Defendants assisted

MoneyGram, THL, and the Individual Defendants in planning the Offering

including discussions regarding the following: (i) the strategy to best accomplish

the Offering; (ii) the terms of the Offering, including the price at which

MoneyGram stock would be offered to the public; (iii) the language to be used in

the Offering Documents; and (iv) the disclosures about MoneyGram that would be made in the Offering Documents.  As a result of this course of contact and communication between the Underwriter Defendants' representatives and the Company's management and senior executives, the Underwriter Defendants knew of, or in the exercise of reasonable care should have known of, the imminent launch of the Wal-Mart Stores, Inc. ("Walmart") branded service as detailed herein; and

(d)     The Underwriter Defendants caused the Offering Documents to be filed with the SEC and declared effective in connection with the offers and sales of securities registered thereby, including those to Plaintiff and the other members of the Class.

## SUBSTANTIVE ALLEGATIONS

28.     Defendant MoneyGram is a money transfer and payment services company.  MoneyGram is an "alternative financial services provider," meaning that its primary customers are persons who may not be fully served by other financial institutions, referred to as "unbanked" or "underbanked" consumers. MoneyGram provides these consumers with basic financial services, including money transfers, bill payment services, money order services, and official check processing.

29.    Money transfer services are the Company's primary revenue driver. Money transfers are movements of funds between consumers from the origination or "send" location and the designated "receive" location. MoneyGram earns revenue from the fees paid by the consumers sending the funds and from the management of currency exchange spreads on money transfer transactions involving different "send" and "receive" currencies.

30.    Most of MoneyGram's revenues are earned through its network of sending and receiving retail agents. In particular, Walmart is the Company's largest agent. Walmart is the only MoneyGram agent that accounts for more than 10 percent of the Company's total fee and investment revenue, and during the years 2014, 2013, 2012, and 2011, accounted for 22, 27, 28, and 29 percent, respectively, of MoneyGram's total company fee and investment revenue.

31.    MoneyGram's relationship with Walmart dates back well before the Company spun off from its former parent company, Viad Corporation, to become an independent publicly traded company in 2004. In its initial registration statement, MoneyGram highlighted among its competitive advantages, "strong relationships with agents and financial institution customers," including "some of the largest and most recognized retail chains . . . including Wal-Mart Stores."

32.    MoneyGram has reported that it has a staff of at least half a dozen people that work with Walmart at its headquarters in Bentonville, Arkansas.

33.    When MoneyGram and Walmart renewed their partnership agreement in October 2012, they added a provision allowing Walmart to develop and sell its own competing money transfer service as early as July 2013.

34.    However, no such service was offered in 2013, and on February 11, 2014, CEO Patsley declared that MoneyGram was unaware of any definitive plans for a Walmart product launch.

35.    In addition to this assurance on February 11, 2014, MoneyGram also reported solid quarterly earnings that day and announced that it would commence a global reorganization and restructuring initiative.

36.    The announcement included operational and organizational changes "to better support the Company's corporate objectives, including its goal of reaching $2 billion in annual revenue in 2017."

37.    The market understood this news to bode well for the Company and its prospects. On February 12, 2014, an analyst at Compass Point wrote that "New Long Term Strategic Goals [of reaching $2 billion in annual revenue in 2017] Paint an Attractive Picture" of MoneyGram.

38.    Analysts at JMP Securities also observed that "strong market share trends look unchanged," and that "the shares are attractively valued." Further, a JMP Securities report stated:

>    Calibrating the Walmart risk. The retailing giant accounted for 26% of 4Q13 revenue. Ever since the

renewal of the contract last year, it has been noted that Walmart (WMT $74.80, Not Covered) has the right to offer its own white labeled product for only Walmart–to–Walmart transfers in the U.S.  We are not certain why there has been a recent ratcheting up of the volume on this topic, as the right to offer a white label product first surfaced with the October 2012 contract renewal.  ***At this time, management insists that they are not aware of any plans, and if it were to proceed, we imagine that Walmart would seek to use the current engine in place for a white label offering (i.e., Moneygram's network).***

39.     On February 13, 2014, in response to the announcement of cost-cutting measures, MoneyGram stock closed up 4.36%, increasing in price from $18.56 per share to $19.37 per share.

40.     These announcements and assurances set the stage for unfounded investor confidence leading up to the Offering.

41.     On March 24, 2014, MoneyGram announced the Offering of 8 million MoneyGram shares by the Selling Stockholders to the public at $16.50 per share, in addition to a 1.2 million share option available to the Underwriter Defendants.

42.     Additionally, the Company announced that it would repurchase approximately $150 million in shares of common stock from THL concurrently with the closing of the Offering in a private, non-underwritten transaction funded through incremental debt financing.  According to the announcement, the Offering, the Share Repurchase, and the incremental debt financing were all contingent on one another.

13

43.     The Offering was conducted pursuant to a shelf registration statement filed by MoneyGram with the SEC on Form S-3 on December 14, 2010, and Amendment No. 1 thereto dated May 16, 2011 ("Registration Statement"), a Prospectus dated July 7, 2011 ("Prospectus"), and a Prospectus Supplement dated March 27, 2014, as well as a number of SEC filings that were incorporated by reference into the Prospectus and the Prospectus Supplement.

## MATERIALLY FALSE STATEMENTS

44.     On March 28, 2014, MoneyGram filed the Prospectus Supplement on Form 424B4 (the "Prospectus Supplement"), expressly incorporating by reference the following documents filed with the SEC: MoneyGram's Annual Report on Form 10-K for the year ended December 31, 2013, filed on March 3, 2014; the information responsive to Part III of Form 10-K for the year ended December 31, 2013 provided in MoneyGram's Definitive Proxy Statement on Schedule 14A, filed on March 28, 2013; and Current Reports on Form 8-K filed on February 11, 2014 (second filing only) and February 24, 2014 (excluding any information furnished pursuant to Item 2.02 or Item 7.01 on any Current Report on Form 8-K) (together with the Prospectus Supplement, the Prospectus and Registration Statement, the "Offering Documents").

45.     As set forth in the Prospectus Supplement, MoneyGram registered 8 million shares of common stock to be sold by controlling shareholder THL and

Goldman Sachs, plus an additional 1.2 million shares for underwriters' option to purchase additional shares (all of which was exercised) to be offered to the public in the Offering at $16.50 per share.

46.     Plaintiff and other members of the Class purchased MoneyGram common stock pursuant and/or traceable to the Offering Documents beginning on that day.

47.     The Offering Documents were negligently prepared, and, as a result, contained untrue statements of material facts and/or omitted to state facts necessary to make the statements made not misleading.

48.     The Offering Documents provided a description of MoneyGram's announced global reorganization and restructuring initiative:

> On February 11, 2014, the Company announced a reorganization and restructuring ***program to enhance operating efficiencies and reduce the Company's cost structure***. The Company currently estimates that it will incur cash outlays over the next two years of approximately $30 million to $40 million in connection with these actions and generate an annual estimated pre-tax cost savings of $15 million to $20 million.

49.     According to the Company, the operational and organizational changes were instituted "***to better support the Company's corporate objectives, including its goal of reaching $2 billion in annual revenue in 2017***. These actions include realigning the organizational structure and commencing a global

transformation program *designed to help MoneyGram lead the industry in compliance, fuel multi-channel growth and improve its cost structure*."

50.     The changes were further described as "support[ing] a three-year global transformation program designed to strengthen MoneyGram's competitive position and ensure continued growth." The program was described as consisting of the following initiatives:

- Enhancing compliance. The legal and regulatory requirements for the financial services industry continue to increase. Since 2009, MoneyGram has invested more than $120 million in its compliance and anti-fraud programs and has successfully prevented more than $365 million in fraud losses, with $135 million prevented in 2013. The Company will continue to advance its leadership in global compliance by implementing market-leading systems, technology and processes, and increasing agent oversight around the world. This program now incorporates an accelerated timeline and certain additional enhancements which were recommended by the monitor. At this time, the Company expects to incur cash outlays of approximately $80 million to $90 million over the next three years.

- Investing for growth. *MoneyGram is increasing its investment to accelerate the growth of its market-leading self-service products in order to achieve a truly multi-channel strategy focused on consumer choice and convenience.* By increasing investment in its products like MoneyGram Online and mobile, account deposit, and kiosk-based money transfer options, the Company aims to generate 15% to 20% of money transfer revenue from self-service channels in 2017. To reach this objective, MoneyGram will expand self-service to more markets, implement user

enhancements, improve back-end processes, and market these channels and products more aggressively.

- Reorganization and restructuring. *MoneyGram will commence a reorganization and restructuring initiative to enhance operating efficiencies and reduce the Company's cost structure.* At this time, the Company anticipates that the initiative will result in annual pretax cost savings of approximately $15 million to $20 million on a run-rate basis exiting 2015, resulting from expense reductions and the realignment of certain business functions. The Company currently estimates that it will incur cash outlays over the next two years of approximately $30 million to $40 million in connection with these actions.

51. The Offering Documents did not present any qualifying discussion of the imminent launch of the Walmart money transfer product as the impetus for the initiative, which would reduce the Company's cost structure and enable the Company to lower costs to compete with the Walmart product.

52. The Offering Documents provided a positive description of MoneyGram's renewal of its agreement with Walmart:

> In April of 2013, we commenced our renewed agreement with Wal-Mart Stores, Inc., or Walmart, which is our largest agent. We continue to provide certain money transfer services, bill payment services and money order services for consumers in Walmart stores located in the U.S. and Puerto Rico. *Pursuant to the terms of the agreement, we serve as the "preferred provider" for money transfer services conducted at Walmart agent locations that are not otherwise conducted under a Walmart brand name*, subject to certain exceptions.

17

53.    The Offering Documents also described the prominence of Walmart

to MoneyGram's revenues:

> During 2013, 2012 and 2011, our 10 largest agents
> accounted for 43 percent, 44 percent and 45 percent,
> respectively, of our total company fee and investment
> revenue and 44 percent, 46 percent and 48 percent,
> respectively, of the fee and investment revenue of our
> Global Funds Transfer segment. ***Walmart is our only
> agent that accounts for more than 10 percent of our
> total company fee and investment revenue. In 2013,
> 2012 and 2011, Walmart accounted for 27 percent, 28
> percent and 29 percent, respectively, of our total
> company fee and investment revenue, and 28 percent,
> 30 percent and 31 percent, respectively, of the fee and
> investment revenue of our Global Funds Transfer
> segment.***

54.    According to the Offering Documents the Walmart branded product

was merely a possibility at the time of the Offering:

> If our contracts with Walmart or any of our other key
> agents are not renewed or are terminated, or if such
> agents reduce the number of their locations or the volume
> of their business with us, or cease doing business, we
> might not be able to replace the volume of business
> conducted through these agents, and our business,
> financial condition and results of operations could be
> adversely affected.  In addition, ***if any of our key agents
> begin offering money transfer services under their own
> brand name, such as a possible Walmart branded
> product,*** or if they engage other money transfer service
> providers, either of which may be permissible under our
> contract, our business, financial condition and results of
> operations could be adversely affected.  Furthermore, if
> any of our key agents renew their contracts with us, but

on less favorable terms, our business, financial condition
and results of operations could be adversely affected.

55.     The Offering Documents did not present any qualifying discussion of

the imminent launch of the Walmart money transfer product.

56.     The Offering closed on or about April 2, 2014.

57.     The false nature of MoneyGram's Offering Documents was revealed

just over *two weeks* following the closing of the Offering, when, on April 17, 2014,

Walmart announced that it would launch its own money transfer product in U.S.

locations *just one week later* on April 24, 2014.

58.     In response to this news, MoneyGram's stock price fell $3.18 per

share on April 17, 2014, and another $2.01 per share on the next trading day, or a

total of nearly 30 percent, to close at $12.80 per share on April 21, 2014—well

below the $16.50 Offering price.

59.     Pursuant to Item 303 of Regulation S-K (17 C.F.R. § 229.303), and

the SEC's related interpretive releases thereto, issuers are required to disclose

events or uncertainties that have had or are reasonably likely to cause the

registrant's financial information not to be indicative of future operating results,

including any known trends.  At the time of the Offering, Walmart was within

weeks of launching a competing Walmart branded product.  This adverse fact, and

the uncertainties associated therewith, were reasonably likely to have a material

impact on the Company's profitability, and, therefore, were required to be disclosed in the Offering Documents, but were not.

60.     The Offering was successful for the Selling Shareholders who sold 9.2 million shares of MoneyGram common stock to the public at $16.50 per share, raising more than $147 million in gross proceeds.

61.     THL further benefitted from the concurrent Share Repurchase whereby MoneyGram itself repurchased (with debt to the Company) an additional 8.2 million shares directly from THL at $16.25 per share for a total of approximately $133 million.

62.     At the time of the filing of this action, MoneyGram common stock traded at just more than half of the Offering price.

## CLASS ACTION ALLEGATIONS

63.     Plaintiff brings this action as a class action on behalf of a class consisting of all purchasers of MoneyGram common stock pursuant and/or traceable to the Offering Documents issued in connection with the Offering (the "Class"). Excluded from the Class are Defendants, those who served as officers, directors, and/or affiliates of Defendants at all relevant times, members of the immediate families and their legal representatives, heirs, successors, or assigns of any excluded person or entity, and any entity in which any Defendant has or had a controlling interest.

64.     The members of the Class are so numerous that joinder of all

members is impracticable.  The exact number of Class members is unknown to

Plaintiff at this time and can be ascertained only through appropriate discovery.

Plaintiff believes that there are hundreds of members in the proposed Class.

Record owners and other members of the Class may be identified from records

maintained by MoneyGram or its transfer agent and may be notified of the

pendency of this action by mail, using the form of notice similar to that

customarily used in securities class actions.

65.     Plaintiff's claims are typical of the claims of the members of the Class

as all members of the Class are similarly affected by Defendants' wrongful conduct

in violation of federal law as set forth herein.

66.     Plaintiff will fairly and adequately protect the interests of the

members of the Class and has retained counsel competent and experienced in class

and securities litigation.

67.     Common questions of law and fact exist as to all members of the

Class and predominate over any questions solely affecting individual members of

the Class.  Among the questions of law and fact common to the Class are:

(a)     whether Defendants violated the Securities Act;

(b)     whether the Offering Documents were negligently prepared and contained inaccurate statements of material fact and/or omitted material information required to be stated therein; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

68.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION

### For Violation of Section 11 of the Securities Act
### Against All Defendants

69.     Plaintiff incorporates paragraphs 1 through 68 by reference.

70.     This Cause of Action is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against all Defendants.

71.     The Offering Documents issued in connection with the Offering contained untrue statements of material facts, or omitted to state material facts

necessary to make the statements made not misleading, or that were required to be stated therein.

72.     Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions contained in the Registration Statement.

73.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were true and without omissions of any material facts and were not misleading.

74.     By reason of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

75.     Plaintiff acquired MoneyGram common stock pursuant and traceable to the Offering.

76.     Plaintiff and the Class have sustained damages.  The value of MoneyGram common stock has declined substantially subsequent to and due to Defendants' violations.

77.     At the time of their purchases of MoneyGram common stock, Plaintiff and other members of the Class did not know the true facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures alleged herein.

78.     Less than one year has elapsed between the time that Plaintiff discovered or reasonably could have discovered the facts upon which this Complaint is based and the time that Plaintiff commenced this action.  Less than three years has elapsed between the time that the securities upon which this Cause of Action is brought were offered to the public and the time Plaintiff commenced this action.

## SECOND CAUSE OF ACTION

### For Violation of Section 12(a)(2) of the Securities Act
### Against the Company, the Individual Defendants,
### and the Underwriter Defendants

79.     Plaintiff incorporates paragraphs 1 through 78 by reference.

80.     By means of the defective Offering Documents, the Company, the Individual Defendants, and the Underwriter Defendants promoted and sold MoneyGram common stock to Plaintiff and other members of the Class.

81.     The Offering Documents contained untrue statements of material fact, and concealed and failed to disclose material facts, as set forth herein.  The Company, the Individual Defendants, and the Underwriter Defendants owed Plaintiff and the other members of the Class who purchased MoneyGram common stock pursuant to the Offering Documents the duty to make a reasonable and diligent investigation of the statements contained in the Offering Documents to ensure that such statements were true and that there was no omission to state a

24

material fact required to be stated in order to make the statements contained therein

not misleading.  The Company, the Individual Defendants, and the Underwriter

Defendants, in the exercise of reasonable care, should have known of the

misstatements and omissions contained in the Offering Documents as set forth

above.

82.     Plaintiff did not know, nor in the exercise of reasonable diligence

could have known, of the untruths and omissions contained in the Offering

Documents at the time that Plaintiff acquired MoneyGram common stock.

83.     By reason of the conduct alleged herein, the Company, the Individual

Defendants, and the Underwriter Defendants violated Section 12(a)(2) of the

Securities Act.  As a direct and proximate result of such violations, Plaintiff and the

other members of the Class who purchased MoneyGram common stock pursuant to

the Offering Documents sustained damages in connection with their purchases of

the stock.  Accordingly, those members of the Class who continue to hold

MoneyGram common stock issued pursuant to the Offering Documents have the

right to rescind and recover the consideration paid for their shares, and hereby

tender their common stock to the Company, the Individual Defendants, and/or the

Underwriter Defendants.  Plaintiff and other members of the Class who have sold

their common stock seek damages to the extent permitted by law.

84.     Less than one year has elapsed between the time that Plaintiff discovered or reasonably could have discovered the facts upon which this Complaint is based and the time that Plaintiff commenced this action.  Less than three years has elapsed between the time that the securities upon which this Cause of Action is brought were offered to the public and the time Plaintiff commenced this action.

## THIRD CAUSE OF ACTION

### For Violation of Section 15 of the Securities Act
### Against the Company, THL, and the Individual Defendants

85.     Plaintiff incorporates paragraphs 1 through 84 by reference.

86.     This Cause of Action is brought pursuant to Section 15 of the Securities Act against the Company, controlling shareholder THL, and the Individual Defendants.

87.     THL, through its voting power and the appointment of Directors Hagerty, Lawry, and Rao as its designated directors to MoneyGram, was a controlling person of MoneyGram within the meaning of Section 15 of the Securities Act at the time of the Offering.

88.     By reason of the foregoing, THL was able to, and did control the contents of the Offering Documents, which contained materially untrue or misleading information and omitted material facts.

89.     The Individual Defendants each were control persons of MoneyGram by virtue of their positions as directors and/or senior officers of the Company.  The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of MoneyGram.  MoneyGram controlled the Individual Defendants and all of the Company's employees.

90.     The Individual Defendants each were culpable participants in the violations of Section 11 of the Securities Act alleged in the First Cause of Action above, based on their having signed or authorized the signing of the Offering Documents and having otherwise participated in the process that allowed the Offering to proceed to completion.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action, certifying Plaintiff as a Class representative, and appointing Plaintiff's counsel as Class Counsel;

B.     Awarding compensatory damages in favor of Plaintiff and other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding rescission or a rescissory measure of damages; and

D.      Awarding Plaintiff and the Class their reasonable costs and expenses

incurred in this action, including counsel fees and expert fees;

E.      Awarding such other relief including equitable and/or injunctive relief

as deemed appropriate by the Court.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  April 15, 2015

**LABATON SUCHAROW LLP**

Christopher J. Keller
Michael W. Stocker
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700

*Counsel for Plaintiff Iron Workers*
*District Council of New England*
*Pension Fund*

**LABATON SUCHAROW LLP**

        */s/ Christine S. Azar*

Christine S. Azar (DE Bar No. 4170)
Ryan T. Keating (DE Bar No. 5504)
300 Delaware Avenue, Suite 1340
Wilmington, Delaware  19801
Telephone:  (302) 573-2530

*Counsel for Plaintiff Iron Workers*
*District Council of New England*
*Pension Fund*

# SUPERIOR COURT
## CIVIL CASE INFORMATION STATEMENT (CIS)

EFiled: Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

COUNTY:   N   K   S          CIVIL ACTION NUMBER:_____

| | |
|---|---|
| Caption:<br><br>Iron Workers District Council of New England Pension Fund, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MoneyGram International, Inc., Thomas H. Lee Partners, L.P., Pamela H. Patsley, W. Alexander Holmes, J. Coley Clark, Victor W. Dahir, Antonio O. Garza, Thomas H. Hagerty, Seth W. Lawry, Peggy Vaughan, Ganesh Rao, W. Bruce Turner, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wells Fargo Securities, LLC, Goldman Sachs & Company Inc., J.P. Morgan Securities LLC, Macquarie Capital (USA) Inc., and William Blair & Company, L.L.C.,<br><br>Defendants. | Civil Case Code:  __CCLD__<br><br>Civil Case Type:  __Complex Commercial Litigation Division__<br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>Name and Status of Party filing document:<br><br>Iron Workers District Council of New England Pension Fund - Plaintiff<br><br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>JURY DEMAND:  YES  _X_      No ____ |
| ATTORNEY NAME(S):  Christine A. Azar<br>                                   Ryan T. Keating<br><br>ATTORNEY ID(S):<br><br>DE Bar # 4170 (C. Azar); DE Bar # 5504 (R. Keating)<br><br>FIRM NAME:<br><br>Labaton Sucharow LLP<br><br>ADDRESS:<br><br>300 Delaware Avenue, Suite 1340<br><br>Wilmington, Delaware  19801<br><br>TELEPHONE NUMBER:<br><br>(302) 573-2530<br><br>FAX NUMBER:<br><br>(302) 573-2529<br><br>E-MAIL ADDRESS:  cazar@labaton.com<br>                                 rkeating@labaton.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:<br><br>_____<br><br>_____<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br><br>_____<br><br>_____<br><br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br><br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 5/2009

EFiled: Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No._____ [CCLD] |

## PRAECIPE

**TO**:   Prothonotary
Superior Court of the State of Delaware
New Castle County Courthouse
500 North King Street
Wilmington, DE 19801

**PLEASE ISSUE SUMMONS** to the below-named Defendants for service by the

Sheriff of New Castle County upon the Defendants by serving their Registered

Agent, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware

19801, in accordance with 8 *Del. C.* § 3104, 6 *Del. C.* § 18-105, and 6 *Del. C.* §

17-105.

MoneyGram International, Inc.
Pamela H. Patsley, c/o MoneyGram International, Inc.
W. Alexander Holmes, c/o MoneyGram International, Inc.
Francis A. Henry, c/o MoneyGram International, Inc.
J. Coley Clark, c/o MoneyGram International, Inc.
Victor W. Dahir, c/o MoneyGram International, Inc.
Antonio O. Garza, c/o MoneyGram International, Inc.
Thomas H. Hagerty, c/o MoneyGram International, Inc.
Seth W. Lawry, c/o MoneyGram International, Inc.
Petty Vaughan, c/o MoneyGram International, Inc.
Ganesh Rao, c/o MoneyGram International, Inc.
W. Bruce Turner, c/o MoneyGram International, Inc.
Thomas H. Lee Partners, L.P.
Seth W. Lawry, c/o Thomas H. Lee Partners, L.P.
Ganesh Rao, c/o Thomas H. Lee Partners, L.P.
Merrill Lynch, Pierce, Fenner & Smith Incorporated
J.P. Morgan Securities LLC
Macquarie Capital (USA) Inc.
William Blair & Company, L.L.C.

Dated: April 15, 2015

**LABATON SUCHAROW LLP**

Christopher J. Keller
Michael W. Stocker
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

*Counsel for Plaintiff Iron Workers
District Council of New England
Pension Fund*

**LABATON SUCHAROW LLP**

   */s/ Christine S. Azar*
Christine S. Azar (DE Bar No. 4170)
Ryan T. Keating (DE Bar No. 5504)
300 Delaware Avenue, Suite 1340
Wilmington, DE 19801
Telephone: (302) 573-2530

*Counsel for Plaintiff Iron Workers
District Council of New England
Pension Fund*

EFiled:  Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No._____ [CCLD] |

## PRAECIPE

**TO**:  Prothonotary
Superior Court of the State of Delaware
New Castle County Courthouse
500 North King Street
Wilmington, DE 19801

**PLEASE ISSUE SUMMONS** to the below-named Defendant for service by the

Sheriff of New Castle County upon the Defendant by serving its Registered Agent,

The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, in accordance with 8 *Del. C.* § 3104.

Goldman Sachs & Co. Inc.

Dated: April 15, 2015

**LABATON SUCHAROW LLP**

**LABATON SUCHAROW LLP**
Christopher J. Keller
Michael W. Stocker
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700

*Counsel for Plaintiff Iron Workers
District Council of New England
Pension Fund*

    */s/ Christine S. Azar*
Christine S. Azar (DE Bar No. 4170)
Ryan T. Keating (DE Bar No. 5504)
300 Delaware Avenue, Suite 1340
Wilmington, DE  19801
Telephone: (302) 573-2530

*Counsel for Plaintiff Iron Workers
District Council of New England
Pension Fund*

EFiled:  Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No._____ [CCLD] |

## PRAECIPE

**TO**:  Prothonotary
  Superior Court of the State of Delaware
  New Castle County Courthouse
  500 North King Street
  Wilmington, DE 19801

**PLEASE ISSUE SUMMONS** to the below-named Defendant for service by the

Sheriff of New Castle County upon the Defendant by serving its Registered Agent,

Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, in accordance with 6 *Del. C.* § 18-105.

Wells Fargo Securities, LLC

Dated: April 15, 2015

**LABATON SUCHAROW LLP**

**LABATON SUCHAROW LLP**
Christopher J. Keller
Michael W. Stocker
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

*Counsel for Plaintiff Iron Workers District Council of New England Pension Fund*

_/s/ Christine S. Azar_
Christine S. Azar (DE Bar No. 4170)
Ryan T. Keating (DE Bar No. 5504)
300 Delaware Avenue, Suite 1340
Wilmington, DE 19801
Telephone: (302) 573-2530

*Counsel for Plaintiff Iron Workers District Council of New England Pension Fund*

EFiled: Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., )<br><br>Defendants. ) | C.A. No._____ [CCLD] |

## SUMMONS

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY**

**YOU ARE COMMANDED:**

1.      To summon the below named Defendants so that, within twenty (20) days after service hereof upon Defendants, exclusive of the day of service, Defendants shall serve upon Plaintiff's attorney, Christine S. Azar, whose address is c/o Labaton Sucharow LLP, 300 Delaware Avenue, Suite 1340, Wilmington, Delaware 19801, an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendants to answer any or all allegations of the Complaint by Affidavit, an Affidavit of Defense).

2.      To serve upon Defendants a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiff).

Dated: April _____, 2015

*SHARON D. AGNEW* _____
*Prothonotary*


_____
*Per Deputy*

MoneyGram International, Inc.
Pamela H. Patsley, c/o MoneyGram International, Inc.
W. Alexander Holmes, c/o MoneyGram International, Inc.
Francis A. Henry, c/o MoneyGram International, Inc.
J. Coley Clark, c/o MoneyGram International, Inc.
Victor W. Dahir, c/o MoneyGram International, Inc.
Antonio O. Garza, c/o MoneyGram International, Inc.
Thomas H. Hagerty, c/o MoneyGram International, Inc.
Seth W. Lawry, c/o MoneyGram International, Inc.
Petty Vaughan, c/o MoneyGram International, Inc.
Ganesh Rao, c/o MoneyGram International, Inc.
W. Bruce Turner, c/o MoneyGram International, Inc.
Thomas H. Lee Partners, L.P.
Seth W. Lawry, c/o Thomas H. Lee Partners, L.P.
Ganesh Rao, c/o Thomas H. Lee Partners, L.P.
Merrill Lynch, Pierce, Fenner & Smith Incorporated
J.P. Morgan Securities LLP
Macquarie Capital (USA) Inc.
William Blair & Company, L.L.C.

**TO THE ABOVE NAMED DEFENDANTS:**

In case of your failure, within twenty (20) days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any or all allegations of the Complaint by Affidavit, an Affidavit of Defense), judgment by default will be rendered against you for the relief demanded in the Complaint.

*SHARON D. AGNEW*
Prothonotary


Per Deputy

EFiled:  Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No._____ [CCLD] |

## SUMMONS

**THE STATE OF DELAWARE,
TO THE SHERIFF OF NEW CASTLE COUNTY**

**YOU ARE COMMANDED:**

    1.    To summon the below named Defendant so that, within twenty (20) days after service hereof upon Defendant, exclusive of the day of service,

Defendant shall serve upon Plaintiff's attorney, Christine S. Azar, whose address is c/o Labaton Sucharow LLP, 300 Delaware Avenue, Suite 1340, Wilmington, Delaware 19801, an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any or all allegations of the Complaint by Affidavit, an Affidavit of Defense).

      2.     To serve upon Defendant a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiff).

Dated: April ____, 2015          *SHARON D. AGNEW* _____
                                     *Prothonotary*


                                      _____
                                     *Per Deputy*

Goldman Sachs & Co. Inc.

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within twenty (20) days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any or all allegations of the Complaint by Affidavit, an Affidavit of Defense), judgment by default will be rendered against you for the relief demanded in the Complaint.

*SHARON D. AGNEW*
Prothonotary


Per Deputy

EFiled: Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No._____ [CCLD] |

## SUMMONS

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY**

**YOU ARE COMMANDED:**

    1.    To summon the below named Defendant so that, within twenty (20) days after service hereof upon Defendant, exclusive of the day of service,

Defendant shall serve upon Plaintiff's attorney, Christine S. Azar, whose address is c/o Labaton Sucharow LLP, 300 Delaware Avenue, Suite 1340, Wilmington, Delaware 19801, an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any or all allegations of the Complaint by Affidavit, an Affidavit of Defense).

     2.    To serve upon Defendant a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiff).

Dated: April _____, 2015          *SHARON D. AGNEW* _____
                                    *Prothonotary*

                                   _____
                                    *Per Deputy*

Wells Fargo Securities, LLC

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within twenty (20) days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any or all allegations of the Complaint by Affidavit, an Affidavit of Defense), judgment by default will be rendered against you for the relief demanded in the Complaint.

_SHARON D. AGNEW_
Prothonotary

_____
Per Deputy

4/23/15

EFiled: Apr 23 2015 01:41PM EDT
EFiled: Apr 15 2015 09:47PM
Transaction ID 57054725 WCC
Case No. N15C-04-144 WCC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No._____ [CCLD]

### PRAECIPE

TO:  Prothonotary
      Superior Court of the State of Delaware
      New Castle County Courthouse
      500 North King Street
      Wilmington, DE 19801

**PLEASE ISSUE SUMMONS** to the below-named Defendant for service by the

Sheriff of New Castle County upon the Defendant by serving its Registered Agent,

The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, in accordance with 8 *Del. C.* § 3104.

Goldman Sachs & Co. Inc.

Dated:  April 15, 2015

**LABATON SUCHAROW LLP**
Christopher J. Keller
Michael W. Stocker
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700

*Counsel for Plaintiff Iron Workers*
*District Council of New England*
*Pension Fund*

**LABATON SUCHAROW LLP**

    */s/ Christine S. Azar*
Christine S. Azar (DE Bar No. 4170)
Ryan T. Keating (DE Bar No. 5504)
300 Delaware Avenue, Suite 1340
Wilmington, DE  19801
Telephone: (302) 573-2530

*Counsel for Plaintiff Iron Workers*
*District Council of New England*
*Pension Fund*



EFiled: Apr 15 2015 07:47PM
Transaction ID 57087256
Case No. N15C-04-144 WCC

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>        Defendants. | C.A. No._____ [CCLD] |

## PRAECIPE

**TO**:  Prothonotary
Superior Court of the State of Delaware
New Castle County Courthouse
500 North King Street
Wilmington, DE 19801

**PLEASE ISSUE SUMMONS** to the below-named Defendants for service by the

Sheriff of New Castle County upon the Defendants by serving their Registered

Agent, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware

19801, in accordance with 8 *Del. C.* § 3104, 6 *Del. C.* § 18-105, and 6 *Del. C.* §

17-105.

MoneyGram International, Inc.
Pamela H. Patsley, c/o MoneyGram International, Inc.
W. Alexander Holmes, c/o MoneyGram International, Inc.
Francis A. Henry, c/o MoneyGram International, Inc.
J. Coley Clark, c/o MoneyGram International, Inc.
Victor W. Dahir, c/o MoneyGram International, Inc.
Antonio O. Garza, c/o MoneyGram International, Inc.
Thomas H. Hagerty, c/o MoneyGram International, Inc.
Seth W. Lawry, c/o MoneyGram International, Inc.
Petty Vaughan, c/o MoneyGram International, Inc.
Ganesh Rao, c/o MoneyGram International, Inc.
W. Bruce Turner, c/o MoneyGram International, Inc.
Thomas H. Lee Partners, L.P.
Seth W. Lawry, c/o Thomas H. Lee Partners, L.P.
Ganesh Rao, c/o Thomas H. Lee Partners, L.P.
Merrill Lynch, Pierce, Fenner & Smith Incorporated
J.P. Morgan Securities LLC
Macquarie Capital (USA) Inc.
William Blair & Company, L.L.C.

Dated: April 15, 2015

**LABATON SUCHAROW LLP**
Christopher J. Keller
Michael W. Stocker
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

*Counsel for Plaintiff Iron Workers
District Council of New England
Pension Fund*

**LABATON SUCHAROW LLP**

   */s/ Christine S. Azar*
Christine S. Azar (DE Bar No. 4170)
Ryan T. Keating (DE Bar No. 5504)
300 Delaware Avenue, Suite 1340
Wilmington, DE 19801
Telephone: (302) 573-2530

*Counsel for Plaintiff Iron Workers
District Council of New England
Pension Fund*



EFiled: Apr 15 2015 07:47PM EDT
Transaction ID 57087256
Case No. N15C-04-144 WCC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No._____ [CCLD] |
| v. | ) ) | |
| MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & COMPANY INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PRAECIPE

**TO**:   Prothonotary
Superior Court of the State of Delaware
New Castle County Courthouse
500 North King Street
Wilmington, DE 19801

**PLEASE ISSUE SUMMONS** to the below-named Defendant for service by the

Sheriff of New Castle County upon the Defendant by serving its Registered Agent,

Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, in accordance with 6 *Del. C.* § 18-105.

Wells Fargo Securities, LLC

Dated:  April 15, 2015

**LABATON SUCHAROW LLP**

**LABATON SUCHAROW LLP**
Christopher J. Keller
Michael W. Stocker
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700

*Counsel for Plaintiff Iron Workers*
*District Council of New England*
*Pension Fund*

       */s/ Christine S. Azar*
Christine S. Azar (DE Bar No. 4170)
Ryan T. Keating (DE Bar No. 5504)
300 Delaware Avenue, Suite 1340
Wilmington, DE  19801
Telephone: (302) 573-2530

*Counsel for Plaintiff Iron Workers*
*District Council of New England*
*Pension Fund*



EFiled: May 04 2015 11:00AM EDT
Transaction ID 57173911
Case No. N15C-04-144 WCC CCLD



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/4/2015

Court Case # N15C-04-144 WCC CCLD

Summons and Complaint

**IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
**vs**
**MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL**

Entity - GOLDMAN SACHS & CO INC

On 5/1/2015 at 12:55 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Lynanne Gares, a representative for the registered agent THE COMPANY CORPORATION 2711 CENTERVILLE ROAD SUITE 400 WILMINGTON, DE 19808 .

Fees Paid: $175.00

Per: Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274

EFiled:  May 04 2015 11:00AM EDT
Transaction ID 57173910
Case No. N15C-04-144 WCC CCLD





**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/4/2015

Court Case # N15C-04-144 WCC CCLD

Summons and Complaint

**IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

**vs**

**MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL**

Entity - WELLS FARGO SECURITIES LLC

On 5/1/2015 at 12:55 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Lynanne Gares, a representative for the registered agent CORPORATION SERVICES INC 2711 CENTERVILLE ROAD WILMINGTON, DE 19808 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274

EFiled:  May 04 2015 01:09PM EDT
Transaction ID 57175469
Case No. N15C-04-144 WCC





**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Dela___
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
#### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - MONEYGRAM INTERNATIONAL, INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - PAMELA H PATSLEY C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

*[signature]*

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

vs

### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - W ALEXANDER HOLMES C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274

 **Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - J COLEY CLARK C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - VICTOR W DAHIR C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid: $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

*Trinidad Navarro*

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

**IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
vs
**MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL**

Entity - ANTONIO O GARZA C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

**IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
**vs**
**MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL**

Entity - THOMAS H HAGERTY C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

*Trinidad Navarro*

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
#### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - SETH W LAWRY C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

*Trinidad Navarro*

      SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - PEGGY VAUGHAN C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

*Trinidad Navarro*

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
#### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - GANESH RAO C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

**IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND,**
**INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
vs
**MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL**

Entity - W BRUCE TURNER C/O MONEYGRAM INTERNATIONAL INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid: $175.00

Per: Deputy Sheriff, Ronald Fioravanti

SO ANS;

_Trinidad Navarro_

SHERIFF

PER  Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

vs

### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - THOMAS H LEE PARTNERS, L. P.

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid: $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274

 **Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
#### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - SETH W LAWRY C/O THOMAS H LEE PARTNERS, L. P.

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid: $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - GANESH RAO C/O THOMAS H LEE PARTNERS, L. P.

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid: $175.00

Per: Deputy Sheriff, Ronald Fioravanti

SO ANS;

*Trinidad Navarro*

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

#### vs

### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

**IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
**vs**
**MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL**

Entity - JP MORGAN SECURITIES LLC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

*Trinidad Navarro*

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
### vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - MACQUARIE CAPITAL (USA) INC

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid: $175.00

Per: Deputy Sheriff, Ronald Fioravanti

SO ANS;

_(signature)_

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274



**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Trinidad Navarro**
Sheriff

5/1/2015

Court Case # N15C-04-144 WCC

Summons and Complaint

### IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
vs
### MONEYGRAM INTERNATIONAL, INC, THOMAS H LEE PARTNERS, L.P., ET AL

Entity - WILLIAM BLAIR & COMPANY, L L C

On 4/29/2015 at 12:00 PM a copy of the within writ together with a copy of the Summons and Complaint were served upon Amy McLaren, a representative for the registered agent CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $175.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

*Trinidad Navarro*

SHERIFF

PER   Tracy Lopez

Sheriff # 15-004274