IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 15-402-LPS |
| MONEYGRAM INTERNATIONAL, INC., THOMAS H. LEE PARTNERS, L.P., PAMELA H. PATSLEY, W. ALEXANDER HOLMES, J. COLEY CLARK, VICTOR W. DAHIR, ANTONIO O. GARZA, THOMAS H. HAGERTY, SETH W. LAWRY, PEGGY VAUGHAN, GANESH RAO, W. BRUCE TURNER, MERRILL LYNCH, FENNER & SMITH INCORPORATED, WELLS FARGO SECURITIES, LLC, GOLDMAN SACHS & CO., INC., J.P. MORGAN SECURITIES, LLC, MACQUARIE CAPITAL (USA) INC., and WILLIAM BLAIR & COMPANY, L.L.C., | : : : : : : : : : : : : : | |
| Defendants. | : | |

Christine S. Azar, LABATON SUCHAROW LLP, Wilmington, DE.

Joel H. Bernstein, Ira A. Schochet, LABATON SUCHAROW LLP, New York, NY.

    Attorneys for Plaintiff.

Kenneth J. Nachbar, John P. DiTomo, Shaun M. Kelly, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE.

John C. Wander, Andrew E. Jackson, Kimberly R. McCoy, VINSON & ELKINS L.L.P., Dallas, TX.

    Attorneys for Defendants MoneyGram International, Inc., Pamela H. Patsley, W. Alexander Holmes, J. Coley Clark, Victor W. Dahir, Antonio O. Garza, Peggy Gaughan, and W. Bruce Turner.

David E. Ross, Bradley R. Aronstam, ROSS ARONSTAM & MORITZ LLP, Wilmington, DE.

Kevin B. Huff, Joshua D. Branson, KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL P.L.L.C., Washington, DC.

> Attorneys for Defendants Thomas H. Lee Partners, L.P., Thomas H. Hagerty, Seth W. Lawry, and Ganesh Rao.

Kevin G. Abrams, John M. Seaman, ABRAMS & BAYLISS LLP, Wilmington, DE.

Brian E. Pastuszenski, Daniel Roseser, GOODWIN PROCTER LLP, New York, NY.

> Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wells Fargo Securities, LLC, Goldman Sachs & Co., J.P. Morgan Securities, LLC, Macquarie Capital (USA) Inc., and William Blair & Company, LLC.

## MEMORANDUM OPINION

September 2, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is the Motion to Remand to the Superior Court of Delaware filed by Plaintiff Iron Workers District Council of New England ("Plaintiff"). (D.I. 8) ("Motion to Remand") Briefing on the motion was completed on July 16, 2015. (D.I. 9, 12, 19)[1] The Court heard argument on the motion on October 9, 2015. (*See* D.I. 25) ("Tr.") For the reasons set forth below, the Court will deny the Motion to Remand.

## I. BACKGROUND

On April 15, 2015, Plaintiff filed a civil action in the Superior Court for the State of Delaware against MoneyGram International, Inc. ("MoneyGram"), Thomas H. Lee Partners, L.P. ("THL"), Pamela H. Patsley, W. Alexander Holmes, J. Coley Clark, Victor W. Dahir, Antonio O Garza, Thomas H. Hagerty, Seth W. Lawry, Peggy Vaughan, Ganesh Rao, W. Bruce Turner, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wells Fargo Securities, LLC, Goldman Sachs & Co., Inc., J.P. Morgan Securities, LLC, Macquarie Capital (USA) Inc., and William Blair & Company, L.L.C. (collectively, "Defendants"). (*See* D.I. 9 at 2) In its Complaint, Plaintiff alleges claims, on behalf of itself and a putative class, based on allegedly materially false statements in a prospectus supplement associated with an offering for sale of MoneyGram stock, pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2), and 77o. (*See* D.I. 1, Ex. C)

On May 19, 2015, Defendants filed a notice of removal, contending this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, and

---

[1] On April 8, 2016, Plaintiff filed a Notice of Supplemental Authority Regarding Motion to Remand. (D.I. 26)

further that removal is proper under 28 U.S.C. § 1441. (D.I. 1 at ¶¶ 8, 11) Defendants assert that removal is proper because the Securities Litigation Uniform Standards Act's ("SLUSA") amendments to Sections 16 and 22(a) of the Securities Act[2] divested state courts of jurisdiction over "covered class actions." (D.I. 1 ¶ 9) Defendants further assert that under Section 16(c) of the Securities Act, "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to section (b)," 15 U.S.C. § 77p(c). (D.I. 1 at ¶¶ 8-14)

On June 18, 2015, Plaintiff filed its Motion to Remand (D.I. 8), arguing that federal courts do not have exclusive jurisdiction over "covered class actions." (D.I. 12 at 1-2) Instead, in Plaintiff's view, Sections 16(b) and (c) of the Securities Act only provide for the removal of covered class actions arising under state law. (*See id.*)

For the reasons below, the Court finds that neither Section 22(a) nor Section 16 of the Securities Act (as amended)– bars removal of class actions arising under the Securities Act. Accordingly, the Court will deny Plaintiff's motion.

II.  **LEGAL STANDARDS**

Whether an action was properly removed to federal court involves an analysis of the availability of both this Court's and the state court's jurisdiction. With regard to federal jurisdiction, 28 U.S.C. § 1441(a) provides: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United

---

[2]SLUSA's 1998 amendments to the Securities Act, *see* 112 Stat. 3227, came just three years after Congress made significant changes to securities fraud litigation through the Private Securities Litigation Reform Act ("PSLRA"), *see* 109 Stat. 737.

States have original jurisdiction, may be removed." State courts also have "inherent authority . . . to adjudicate claims" arising under federal law, but Congress retains the power to "give federal courts exclusive jurisdiction" by "*affirmatively* divest[ing] state courts of their presumptively concurrent jurisdiction." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990) (internal quotation marks omitted; emphasis added). The absence of statutory language that "expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction . . . is strong and arguably sufficient evidence that Congress had no such intent." *Id.* (internal grammar omitted).

In this case, the existence of this Court's removal jurisdiction and whether state courts have concurrent jurisdiction both turn on interpretation of Sections 16 and 22(a), 15 U.S.C. §§ 77v and 77p, as amended.

Section 22(a) provides:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions,* of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title,* no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis added to reflect SLUSA amendments). In other words, Section 22(a) provides for concurrent federal and state court jurisdiction over violations of the Securities Act, (i) except for "covered class actions" "as provided in section 77p," and (ii) except that, "as provided in section 77p(c)," there can be no removal to federal court of a Securities Act case

brought "in any State court of competent jurisdiction." Understanding the meaning of Section 22(a), then, requires turning to section 77p and 77p(c).

Section 77p – that is, Section 16 of the Securities Act, including Section 77p(c) (i.e., Section 16(c)) – provides:

> . . .
>
> (b) *Class action limitations*
>
> ***No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court*** by any private party alleging—
>
>> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>>
>> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
>
> (c) *Removal of covered class actions*
>
> ***Any covered class action brought in any State court involving a covered security, as set forth in section (b), shall be removable to the Federal district court*** for the district in which the action is pending, and shall be subject to section (b).
>
> . . .
>
> (f) Definitions
>
> For purposes of this section, the following definitions shall apply:
>
> . . .
>
> (2) Covered class action
>
>> (A) In general

4

> The term "covered class action" means—
>
> (i) any single lawsuit in which—
>
>> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons . . . predominate . . . ; or
>>
>> (II) one or more named parties seek to recover damages on a representative basis . . . , and questions of law or fact common to those persons . . . predominate . . . ; or
>
> (ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—
>
>> (I) damages are sought on behalf of more than 50 persons; and
>>
>> (II) the lawsuits . . . proceed as a single action for any purpose.
>
> . . .
>
> (3) Covered security
>
> The term "covered security" means a security that

> satisfies the standards for a covered security
> specified in paragraph (1) or (2) of section 77r(b) of
> this title at the time during which it is alleged that
> the misrepresentation, omission, or manipulative or
> deceptive conduct occurred . . . .

15 U.S.C. § 77p (emphasis added). Resolution of the pending motion turns on the parties' competing interpretations of these provisions of Section 16(c).[3]

### III. DISCUSSION

The parties offer sharply contrasting positions as to how the applicable statutes should be understood. Plaintiff's argument proceeds as follows: (i) Section 22(a) is a bar to removal of Securities Act cases "[e]xcept as provided in section 77p(c) [i.e., Section 16(c)] of this title;" (ii) Section 16(c), which does permit removal, applies only to "covered class action[s] . . . as set forth in section (b) [i.e., Section 16(b)];" and (iii) section (b), permitting removal, only applies to "covered class action[s] [alleging fraud that are] based upon the statutory or common law of any State." That is, the opportunity to remove a securities fraud-based class action is limited to such actions that are based on state law, and does not apply to those that are based on violations of the federal Securities Act.

In support of this view, Plaintiff relies on dicta in the Supreme Court's decision in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 (2006). In *Kircher*, in the course of

---

[3]Generally, there is a presumption against removal, and federal courts must resolve all doubts in favor of remand. *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) ("The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper."). The parties disagree as to how strongly these general principles apply here. (*Compare* D.I. 9 at 4 *with* D.I. 12 at 8 n. 2; *see also* Tr. at 25-26, 57-58) The Court has concluded that resolution of the Motion to Remand turns entirely on questions of statutory interpretation and not at all on application of general presumptions or resolution of factual disputes.

considering jurisdiction over covered class actions arising under *state* law, the Court made statements in dicta about the scope of sections (b) and (c). Specifically, *Kircher* "read authorization for the removal in section (c) . . . as confined to cases 'set forth in section (b)." *Id.* at 642 (quoting statute). *Kircher* went on to explain that federal district courts' removal jurisdiction to deal with removed cases is limited to those precluded by the terms of section (b)." *Id.* at 643. It continued: "If the action is not precluded [under section (b)] the federal court . . . has no [removal] jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Id.* at 643-44. According to Plaintiff, because section (b) applies only to "covered class action[s] based upon the statutory or common law of any State or subdivision thereof" – and does *not* apply to covered class actions based upon the federal Securities Act – federal district courts have no removal jurisdiction in such cases and must remand them to state court.

Plaintiff additionally points to *Kircher*'s description of state courts as "equally competent bod[ies]" to federal courts. *See id.* at 646 ("A covered action is removable it if is precluded, and a defendant can enlist the Federal Judiciary to decide preclusion, but a defendant can elect to leave a case where the plaintiff filed it and trust *the state court (an equally competent body)* to make the preclusion determination.") (emphasis added).

Plaintiff cites several district court cases (from outside the Third Circuit) adopting the position it advocates here. *See, e.g., Iron Workers Mid-South Pension Fund v. Terraform Global, Inc.*, 2016 WL 827374 (N.D. Cal. Mar. 3, 2016); *Patel v. Terraform Global, Inc.*, 2016 WL 827375 (N.D. Cal. Mar. 3, 2016); *Badri v. Terraform Global, Inc.*, 2016 WL 827372 (N.D. Cal. Mar. 3, 2016); *Fraser v. Wuebbels*, 2016 WL 827373 (N.D. Cal. Mar. 3, 2016); *Rajasekara*

*v. CytRx Corp.*, 2014 WL 4330787, at *3 (C.D. Cal. Aug. 21, 2014); *Niitsoo v. Alpha Natural Res., Inc.*, 902 F. Supp. 2d 797, 805 (S.D. W. Va. 2012); *W. Va. Laborers Trust Fund v. STEC, Inc.*, 2011 WL 6156945 (C.D. Cal. Oct. 7, 2011); *see also Fortunato v. Akebia Therapeutics, Inc.*, __ F.3d __, 2016 WL 1734073, at *4 (D. Mass. Apr. 29, 2016) ("Courts across the nation have come out both ways on this difficult, close question.").

Defendants counter with two alternative arguments for why the Court has removal jurisdiction over this case. First, Defendants argue that SLUSA – by amending Section 22(a) to add "except as provided in section 77p of this title with respect to covered class actions" – divested state courts of concurrent jurisdiction over covered class actions under the Securities Act, thereby giving federal courts exclusive jurisdiction over such suits. *See* 15 U.S.C. § 77v(a). On this view, because state courts are divested of jurisdiction over covered class actions arising under the Securities Act, it follows that state courts are not "courts of competent jurisdiction" for these actions. Therefore, Section 22(a)'s removal bar (and exception to it) do not apply to Securities Act actions. Instead, according to Defendants, the removal bar and its exception prohibit removal of actions involving only ***individual*** claims based on the Securities Act (for which the first sentence of Section 22(a) does not eliminate concurrent jurisdiction), allowing removal of cases involving ***both*** individual claims based on the Securities Act and covered class actions based on state law. (*See* Tr. at 52-53)

Alternatively, Defendants contend that even if state courts somehow remain "courts of competent jurisdiction" over covered class actions arising under the Securities Act, such actions come within Section 16(c) and are, therefore, exempted from the removal bar. On this view, Section 16(c) – as limited by its reference to Section 16(b) – authorizes removal of any covered

8

class action that alleges misstatements or omissions in connection with a covered security. *See* 15 U.S.C. § 77(p)(b)-(c).

Like Plaintiff, Defendants cite multiple district court decisions which have adopted their position. *See, e.g., Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 424 (S.D.N.Y. 2009); *Pinto v. Vonage Holdings Corp.*, 2007 WL 1381746, at *2 (D.N.J. May 7, 2007), *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *5 (D.N.J. February 7, 2007).

Having considered the parties' arguments, and the cases each side cites which have adopted their competing positions, the Court agrees with Defendants' primary argument. The Court concludes that Defendant's principal position is consistent with the pertinent statutory language and is further supported by the legislative history. Given the Court's conclusions, it is unnecessary to consider Defendants' alternative basis for the Court to deny the Motion to Remand.

Congress expressly eliminated state courts' concurrent jurisdiction over covered class actions arising under the Securities Act when it referred to the *entirety* of Section 16 – and *not* just Sections (b) and (c) – in providing an exception to concurrent jurisdiction for covered class actions. *See* 15 U.S.C. § 77v(a) ("except as provided in *section 77p [i.e., Section 16(c)]* of this title with respect to covered class actions") (emphasis added). The Court agrees with Defendants that concurrent jurisdiction was eliminated for *all* covered class actions, as they are defined in Section 16(f), 15 U.S.C. § 77p(f), rather than only for those based on state law, which are the subject of Section 16(b), 15 U.S.C. § 77p(b). If Congress had wanted to refer only to Section 16(b)'s narrower definition of covered class actions *brought under state law*, it could have done so, as it did with respect to Section 16(c) in Section 22(a)'s removal bar. Accordingly, state

courts are not "courts of competent jurisdiction" over covered class actions based on the Securities Act, and the removal bar found in Section 22(a) does not apply to this action.

This interpretation is consistent with the statutory text. It is also the only conclusion that comports with the legislative history and stated purpose of the SLUSA. *See generally King v. Burwell*, __ U.S. __, 135 S. Ct. 2480, 2496 (2015) ("[I]n every case we must respect the role of the Legislature, and take care not to undo what it has done. A fair reading of legislation demands a fair understanding of the legislative plan.").

Underlying SLUSA's passage in 1998 was Congress's finding that

> . . . in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of [PSLRA], it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.

P.L. 105-353 § 2, Nov. 3, 1998, 112 Stat. 3227. The PSLRA, which had been enacted three years earlier than SLUSA, had sought "to prevent the filing of 'strike suits' – abusive class actions" brought under the Securities Act. *In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 250 (3d Cir. 2009). But the PSLRA had the "unintended consequence" of incentivizing "members of the plaintiffs' bar to avoid the federal forum altogether." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 81-82 (2006). To address this situation, SLUSA added Sections 16(b) and (c) to the Securities Act, providing for the removal of covered class actions alleging "an untrue statement or omission of a material fact" or "any manipulative or deceptive device or contrivance . . . in connection with the purchase or sale of a covered security," and amending Section 22(a) of the Securities Act by cross-referencing Section 16 and

creating an exception to states' concurrent jurisdiction over cases arising under the Securities Act. *See* 15 U.S.C. § 77v.

Thus, when the Third Circuit considered the purpose of SLUSA in a case concerning covered class actions arising under state law, it explained:

> By 1998, Congress concluded that plaintiffs were circumventing the requirements of the PSLRA by filing private securities class actions in state rather than federal court. SLUSA was designed to close this perceived loophole by authorizing the removal and federal preemption of certain state court securities class actions. As the Senate Banking Committee Report explained, ***Congress envisioned a broad interpretation of SLUSA to ensure the uniform application of federal fraud standards***.

*Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 298 (3d Cir. 2005) (emphasis added; internal citation omitted). Barring removal of covered class actions arising under the Securities Act, as Plaintiff argues is required, would not promote uniform application of federal fraud standards.

To the Court's knowledge, only one district court in this Circuit has considered the issue now before the Court, and it reached the same conclusion as the Court does here. In *Rovner v. Vonage Holdings Corp*, Judge Wolfson of the District of New Jersey undertook a thorough analysis of the statutory language and legislative history of SLUSA, concluding "the plain language of the statute, coupled with the legislative history and a healthy dose of common sense compel the conclusion that this class action, which alleges only federal Securities Act claims, was removable." 2007 WL 446658, at *5 (D.N.J. 2007). With respect to the statutory language, Judge Wolfson explained:

> Plaintiff contends that the cross-reference to section 77p(c) in the removal provision of section 77v(a) insulates those class actions

11

> raising strictly Securities Act claims because section 77p(b) referenced in section 77(c) provides only for the preemption of actions brought under state law. This Court cannot accept Plaintiff's interpretation given the express language of section 77v(a), which bars removal of cases "arising under" the Securities Act, "except as provided in section 77p(c)." As Defendants point out, for the "arising under" exception to have meaning, it must apply to some subset of cases that actually arise under the Securities Act. Under Plaintiff's interpretation of section 77p(c), the exception would only apply to claims arising under state law. This cannot be what Congress intended as state law claims do not "arise under" the Securities Act, but rather under state law. If Congress had indeed intended to limit the exception to non-removability to state law claims of the type described in section 77p(b), then that section read in conjunction with section 77p(c) accomplishes that purpose without any amendment to section 77v(a).

*Id.* at *4; *see also Pinto v. Vonage Holdings Corp.*, 2007 WL 1381746, at *2 (D.N.J. 2007) (same district court agreeing with *Rovner*'s analysis).

Turning to legislative history, *Rovner* emphasizes that "[b]ecause the PSLRA failed to achieve Congress's goal in curtailing meritless class actions alleging fraud, Congress enacted the SLUSA to 'make[ ] Federal court the exclusive venue for securities class actions.'" 2007 WL 446658, at *5 (citing *Securities Litigation Uniform Standards Act: Hearing of the Finance and Hazardous Materials Subcommittee of the House Commerce Committee,* 105th Cong.); *see also Pinto*, 2007 WL 1381746, at *2 (same district court agreeing with *Rovner*'s analysis).

A case from the Southern District of New York, *Knox v. Agria Corp.*, also found that SLUSA authorizes removal of covered class actions arising under the Securities Act:

> Through the definitional lens of Section 16(f), Section 22(a) reinforces the meaning of covered class action by referencing Section 16. The reference to Section 16 does not add a substantive limitation to the exception to concurrent jurisdiction in Section 22(a); rather, it simply points the reader to the definition of a

> "covered class action." ... The exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction. By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them. After SLUSA, state courts were no longer "court[s] of competent jurisdiction" to hear covered class actions raising 1933 Act claims. Thus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims.

613 F. Supp. 2d 419, 424 (S.D.N.Y. 2009). *Knox* explained that its conclusion was "consistent with SLUSA's addition to the anti-removal provision. After SLUSA, covered class actions asserting either 1933 Act claims or certain state law claims or both are removable, but individual 1933 Act claims are not subject to removal." *Id.* at 425.

Moreover, like *Rovner*, *Knox* emphasized that its interpretation was

> consistent with Congress's general remedial intent in passing SLUSA: "to prevent certain State private securities class action lawsuits alleging securities fraud from being used to frustrate the objectives of the [PSLRA]," and to make "federal court the exclusive venue for class actions alleging fraud in the sale of certain covered securities."

*Id.* (internal citations omitted).

Contrary to Plaintiffs' view, the Court's interpretation of SLUSA is not inconsistent with the Supreme Court's dicta in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), which involved state law securities class actions removed from state court. *See generally Knox*, 613 F. Supp. 2d at 425 ("The Supreme Court's dicta in *Kircher* . . . is not to the contrary. In *Kircher*, the Supreme Court was previewing the scope of Section 16(c) removal of covered class actions raising state law claims, not the question of removal of covered class actions raising 1933 Act claims."). Because *Kircher* did not involve "covered class actions" raising Securities Act claims,

13

its statements cannot be read broadly as governing such actions, which are the type of actions Plaintiff asserts here. *See id.*

Additionally, *Kircher*'s explanation that state courts are courts of competent jurisdiction over preclusion decisions regarding covered class actions brought under state law is irrelevant to the Court's inquiry here. *See* 547 U.S. at 646 ("[N]othing in the Act gives the federal court exclusive jurisdiction over the preclusion decision. A covered action is removable it if is precluded, and a defendant can enlist the Federal Judiciary to decide preclusion, but a defendant can elect to leave a case where the plaintiff filed it and trust the state court (an equally competent body) to make the preclusion determination.") (internal citation omitted). The existence of concurrent state court jurisdiction over *preclusion* issues in cases arising under the Securities Act does not require that states also have concurrent jurisdiction over the *merits* of such cases.

The Court appreciates that Plaintiff has cited several district court cases that have resolved essentially the same issue here with the opposite outcome. The Court simply finds these cases – on which Plaintiff's position is based – not as persuasive as the contrary cases relied on by Defendants. While the statutory language is such that one could reasonably reach the conclusion that Plaintiff's desire, in this Court's view the most reasonable reading of the statute is the one that, here, is fully consistent with the legislative history and the policy judgment of Congress. That is the position advocated by Defendants and persuasively articulated by the cases on which they rely.

In the end, the Court finds no reason to deviate from the thorough and well-reasoned analyses in *Rovner* and *Knox*, which find that "covered class actions" arising under the Securities Act are properly removed to federal court. SLUSA divested state courts of jurisdiction over

"covered class actions" under the Securities Act, thereby giving federal courts exclusive jurisdiction over such suits. Therefore, state courts are divested of jurisdiction over "covered class actions" under the Securities Act and, hence, are not "courts of competent jurisdiction" for these actions. Thus, Section 22(a)'s removal bar thus does not apply to them. Accordingly, the Court will deny Plaintiff's Motion to Remand.

### IV.   CONCLUSION

An appropriate order will be entered.